Challender *v.* Challender.

---

DANIEL B. CHALLENDER

*v.*

LUCRETIA M. CHALLENDER.

[Filed June 30th, 1903.]

Inquiry is not shown to be within the purview of the fifty-third rule of this court, by the filing of solicitor's affidavit that he has inquired of the complainant or petitioner, who furnished the description subsequently delivered to the sheriff.

In divorce.    Application for reference to a special master in a proceeding where the defendant has not appeared.

MAGIE, CHANCELLOR.

This case, like several others which have been submitted to me to direct a reference, presents an instance of misinterpretation of the fifty-third rule.   The rule provides that

"in all suits for divorce, the solicitor of the complainant or petitioner, before delivering to the sheriff the subpœna or citation, shall make diligent inquiry as to the defendant, pursuant to the provisions of rule 59; if," &c.

The solicitor's affidavit filed in this case shows only an inquiry of the petitioner, who furnished the description required to be delivered to the sheriff, with the subpœna or citation, by a subsequent provision of said rule 53, when the defendant is found to be within this state.

The purpose of the rule was to exact an independent investigation as to defendant's whereabouts, and a description of his or her person, before issuance of citation, in order to aid the sheriff in identifying the person to be served, and to guard against erroneous or collusive service within this state, and unnecessary resort to substituted service upon defendants as absent or non-resident, when proper inquiry would have discovered them to be resident.   Unhappily, the administration of divorce jurisdiction has furnished instances that teach the necessity of such investigation.   The solicitor and the serving officer, when unacquainted with the defendant, his person and his residence, may be wholly without fault, but it is in these instances that the mischief is done.

I cannot regard inquiry of the petitioner only, and a hearsay recital of what the petitioner replies, as proof of a "diligent" inquiry, having regard to the scope and purpose of the rule. Diligence will at least suggest that the solicitor should require the affidavit of the petitioner as to the accuracy of the description, and particularly that the source of petitioner's knowledge as to the present residence of the defendant should be set forth. From the facts thus verified the solicitor may perceive what

basis exists for the assumed knowledge, and if it does not satisfy a legal mind as a means of identifying the party proposed to be served with the defendant in the bill or petition, the inquiry would not justify the service. The solicitor must then feel obliged to resort at once to that rigid inquiry which, after order of publication, is invariably exacted under rule 59, for he would not be justified in concluding that the residence of the defendant was certainly known. In any event, the court is put in possession of the oath of the party who furnishes the information, his means of knowledge, and the propriety of proceeding upon a service made in conformity thereto.